(121 App. Div. 568.)

### W. J. MORGAN & CO. v. HEITMANN et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

1. SALES—ACTION FOR PRICE—QUESTIONS FOR JURY.

    In an action for a balance of the price due on a contract for the printing of certain posters, evidence considered, and *held* sufficient to go to the jury.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1064.]

2. SAME—DEFENSES.

    Where H. and another entered into a contract with plaintiff for certain printed matter for a traveling band, to be held subject to their orders

and paid for, whether used or not, plaintiff's right to recover for a balance on the contract would not depend on the relation of H. to the band, the delivery of the printed matter, or questions concerning additional printing.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by W. J. Morgan & Co. against Fred E. Heitmann and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Maxson & Jones, for appellant.
Henry Weismann, for respondent Heitmann.

RICH, J.  The defendants entered into a written contract with the plaintiff, by the terms of which the latter agreed to print and have ready for delivery, on or before June 10, 1905, 500 21-sheet descriptive stands in two colors, and 1500 3-sheet posters in four colors, for the use of the German Marine Band, a traveling musical organization, of which the defendant Kindermann was band master or leader.  The defendants agreed to pay for such work the sum of $645, payable $175 in advance and the balance in weekly payments as the printing was used, beginning on or about June 17th, but all to be paid for by January 1, 1906, whether used or not.  It was further provided that the plaintiff should store, at the defendants' risk and expense, any balance of printing remaining on hand at the close of the season.  One Isham was engaged by Kindermann as manager of the band, with the knowledge of the defendant Heitmann, who testified: "That was left between Kindermann and Isham to make the arrangements" for the printing.  Isham directed plaintiff on different occasions to ship stated quantities of the advertising matter so contracted for to places named by him, where he received such shipments and used them in advertising the band.  He subsequently ordered additional printing amounting to $275.  It was not shown that the defendant Heitmann authorized or had knowledge of this purchase.  Payments were made upon the contract from time to time, and this action was brought to recover a balance unpaid on the contract, including the value of the extra printing ordered by Isham; the plaintiff's theory being that Heitmann was the owner and financial backer of the band, and that Isham, in ordering the additional printing, acted as the agent of Heitmann, with authority.  The secretary of the plaintiff company was examined as a witness upon a commission, and the answers made by him to the interrogatories showing performance of the contract by plaintiff were excluded by the trial court upon objection made that such interrogatories were incompetent as calling for the conclusion of the witness.  At the close of the plaintiff's evidence the trial court held that a cause of action was not established by the evidence, and dismissed the complaint.

In this I think it was in error.  The plaintiff's right to recover the unpaid balance upon the contract did not rest upon the relation Heit-

mann sustained to the German Marine Band, the delivery of the printed matter, or whether Isham, in ordering the additional printing, was Heitmann's authorized agent. Upon establishing the contract, and showing the printing, the plaintiff was entitled to recover of the defendant Heitmann such unpaid balance. The contract and amount unpaid thereon were admitted. Delivery by the plaintiff was not required by the contract. The plaintiff agreed to do the printing, ready for delivery, and hold it subject to defendants' orders. It was to be paid for, whether used or not. It was shown by the evidence of one Lynch that the posters were printed. Isham testified that the quantity thereof stated and ordered by him in his letters and telegrams were actually received by him and used as manager of the band, and Lynch testified that the balance was stored in plaintiff's warehouse in Cleveland. This evidence established a prima facie case entitling the plaintiff to recover the balance past due and concededly unpaid upon the contract, and the dismissal of the complaint was error. As this conclusion requires a reversal of the judgment, we do not deem it expedient to consider the many other questions presented, which will presumably not arise upon a new trial.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.